Jiang v. Lynch

BIA
Christensen, IJ
A201 151 654

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand fifteen.

PRESENT:
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            DENNY CHIN,
                *Circuit Judges.*
_____

MINJIE JIANG,
            *Petitioner,*

        v.                                          15-103
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:            Jeffrey E. Baron, Baron & Shelkin,
                           P.C., New York, New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Derek C.
                           Julius, Senior Litigation Counsel;
                           Karen L. Melnik, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Minjie Jiang, a native and citizen of the People's Republic of China, seeks review of a December 18, 2014, decision of the Board of Immigration Appeals ("BIA"), affirming a February 6, 2013, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Minjie Jiang,* No. A201 151 654 (B.I.A. Dec. 18, 2014), *aff'g* No. A201 151 654 (Immig. Ct. N.Y.C. Feb. 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications governed by the REAL ID Act, like Jiang's, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. In this case, the adverse credibility determination is supported by substantial evidence.

The IJ properly based his adverse credibility determination on the discrepancy between statements made by Jiang at his credible fear interview and his testimony and asylum application concerning his alleged November 2010 arrest for distributing religious pamphlets. Jiang's application and testimony stated he was arrested, detained, and beaten for distributing pamphlets, after which police raided his underground church in December 2010, leading him to flee China. However, during Jiang's credible fear interview, he stated only that police raided his underground church in December 2010. He

3

specifically stated that he had not had any other problems in China and that he had never been harmed. When asked to explain, Jiang testified that the smuggler who helped him enter the United States told him not to tell immigration officials about his arrest because Jiang would be deported if he did so. The IJ properly rejected Jiang's explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ also noted that Jiang admitted to lying to avoid deportation at his interview, a fact which supports the IJ's credibility finding. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Considering the significant discrepancy between Jiang's claim as presented at the interview and as presented to the IJ, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk